Filed 11/5/15  P. v. Gorg CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CARTER GORG,<br><br>    Defendant and Appellant. | B261355<br><br>(Los Angeles County<br>Super. Ct. No. NA100314) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jesse I. Rodriguez, Judge.  Affirmed.

Kimberly Howland Meyer and the California Appellate Project, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Before the preliminary hearing, defendant and appellant Carter Gorg pled nolo contendere to possession of marijuana for sale. In accord with the plea agreement, the trial court sentenced Gorg to the two-year midterm, to be served in the county jail concurrent with a sentence in another case. We affirm the judgment pursuant to the procedures established in *People v. Wende* (1979) 25 Cal.3d 346.

**DISCUSSION**

In the course of being booked on a drug-related arrest, police found an item wrapped in layers of plastic bags in a cardboard box in Gorg's possession. When the officers peeled off the plastic bags, they found a softball-sized ball of a green, leafy substance resembling marijuana and weighing 158 grams.[1]

The People filed an amended complaint charging Gorg with bringing alcohol or drugs other than controlled substances into a jail facility (count 1; Pen. Code, § 4573.5) and possession of marijuana for sale (count 2; Health & Saf. Code, § 11359). Further, it was alleged that, at the time of the commission of the offenses, Gorge was released from custody on bail or his own recognizance in Los Angeles Superior Court (Pen. Code, § 12022.1), and that he had a prior conviction with a prison term (Pen. Code, § 667.5, subd. (b)). As noted, Gorg agreed to plead to count 2. The trial court dismissed count 1 and all other allegations, and then sentenced Gorg to the two-year midterm (Health & Saf. Code, § 11359; Pen. Code, § 1170, subd. (h)(1)), and ordered it to be served in county jail concurrent with a sentence in another case, in accord with the plea agreement.

Gorg filed a timely notice of appeal explicitly based only on the sentence or other matters occurring after the plea. We appointed counsel to represent Gorg on appeal. On June 26, 2015, appointed counsel filed a brief pursuant to *Wende, supra,* 25 Cal.3d 436, requesting we independently review the record on appeal for any arguable issues. We notified Gorg by letter that he could submit any claim, argument or issues that he wished our court to review. Gorg has not filed any issues or claims.

---

[1]     As Gorg pled before the preliminary hearing, the facts summarized based on information in the probation officer's report.

On September 2, 2015, we issued an order relieving Gorg's originally appointed counsel, and naming the California Appellate Project (CAP) as Gorg's new appointed counsel. CAP informed our court that it will not be filing a supplemental brief for Gorg.

We have reviewed the record on appeal, and find that both of Gorg's appointed counsel have fulfilled their duty, and that no arguable issues exist. (*Wende, supra,* 25 Cal.3d 436, *People v. Kelly* (2006) 40 Cal.4th 106.)

## DISPOSITION

The judgment is affirmed.

                                                    BIGELOW, P. J.

We concur:

            FLIER, J.

            GRIMES, J.